# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CP-00341-COA

**JAMES SCOTT LEWIS**                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/10/2025 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JAMES SCOTT LEWIS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 07/21/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND WEDDLE, JJ.**

**WEDDLE, J., FOR THE COURT:**

¶1.     James Lewis appeals from the order of the Harrison County Circuit Court denying his motion for post-conviction collateral relief (PCR).  Upon review, we affirm the circuit court's order but do so for a different reason than the one articulated by the circuit court.[1]

## FACTS

¶2.     In 2002, a Harrison County grand jury indicted Lewis for "seven counts of sexual battery, four counts of statutory rape, and one count of touching a child for lustful purposes."

---

[1] "An appellate court may affirm a trial court if the correct result is reached, even if the trial court reached the result for a different reason." *Hays v. LaForge*, 333 So. 3d 595, 602 (¶15) (Miss. Ct. App. 2022) (quoting *Davis v. City of Jackson*, 240 So. 3d 381, 384 (¶13) (Miss. 2018)).

*Lewis v. State*, 397 So. 3d 539, 540 (¶2) (Miss. Ct. App. 2024). In 2004, Lewis pled guilty to two counts of statutory rape and two counts of sexual battery. *Id.* The Harrison County Circuit Court sentenced Lewis, ultimately, to serve a total of thirty years in the custody of the Mississippi Department of Corrections (MDOC) but suspended the sentences' execution and placed Lewis on five years of post-release supervision. *Id.* Lewis moved to Georgia, where his "post-release supervision was transferred . . . , and he was required to register as a sex offender." *Id.* While residing in Georgia, Lewis was arrested and charged with the murder of his wife. *Id.* at (¶3). After Lewis pled guilty to voluntary manslaughter in Georgia, he "was sentenced to serve fifteen years in the custody of the Georgia Department of Corrections [(GDOC)]." *Id.*

¶3. Due to Lewis's arrest for the commission of a felony, MDOC filed a petition in March 2008, seeking to revoke his post-release supervision. In September 2010, Mississippi filed a detainer to take custody of Lewis upon his release from GDOC's custody. In November 2016, Lewis filed a motion to dismiss the petition to revoke his post-release supervision and to cancel the detainer. Following a hearing, the circuit court denied Lewis's motion.

¶4. On February 25, 2020, after completing his sentence in Georgia, Lewis was released from GDOC's custody and returned to Mississippi, where he was then incarcerated in the Harrison County Adult Detention Center. On March 31, 2020, Lewis filed a second motion to dismiss the petition to revoke his post-release supervision. In his second motion, Lewis complained that he had not been granted a preliminary hearing within seventy-two hours or

a revocation hearing within twenty-one days as set forth under Mississippi Code Annotated section 47-7-37(3) (Rev. 2015) and Mississippi Rules of Criminal Procedure 27.2 and 27.3. The circuit court held Lewis's informal preliminary revocation hearing on April 6, 2020, and his final revocation hearing on April 9, 2020. After hearing the parties' arguments during the final revocation hearing, the circuit court denied Lewis's second motion to dismiss.

¶5.     By its order entered on April 9, 2020, the circuit court found that Lewis had violated the terms of his post-release supervision. *Lewis*, 397 So. 3d at 540 (¶4). As a result, the circuit court revoked Lewis's post-release supervision and ordered him to serve a total of twenty-six years in MDOC's custody. *Id.* The circuit court gave Lewis "credit for any and all [t]ime [s]erved on these charges including credit for time served since the placing of a detainer in favor of the State of Mississippi, as determined by the Department of Corrections." *Id.* (emphasis omitted).

¶6.     In 2023, Lewis filed a PCR motion in which he challenged his 2004 guilty pleas rather than the order revoking his post-release supervision. *Id.* at 540-41 (¶¶5, 9). Lewis alleged that prior to the entry of his 2004 guilty pleas, the State had concealed exculpatory evidence (i.e., the results of a sexual assault kit performed on one of the victims). *Id.* at (¶5). After the circuit court denied Lewis's PCR motion, Lewis appealed, and the case was assigned to this Court. *Id.* at 540 (¶1).

¶7.     Upon review, we found that because Lewis failed to file his PCR motion within three years after entering his 2004 guilty pleas to statutory rape and sexual battery, he bore the

3

evidentiary burden of proving his claims were not barred. *Id.* at 541 (¶9). For the first time on appeal, Lewis "challenge[d] the timeliness of his revocation hearing." *Id.* at n.3. But because Lewis never raised the claim in his PCR motion before the circuit court, we explained the issue was barred from appellate review. *Id.* Lewis reasserted his claim regarding newly discovered evidence, which he argued should entitle him to relief. *Id.* at 542 (¶11). This Court concluded that Lewis had failed to meet the burden of showing that any newly discovered evidence "was 'not reasonably discoverable at the time of trial' and that such evidence would be 'practically conclusive' of his innocence of the charges." *Id.* at (¶¶11-13) (quoting Miss. Code Ann. § 99-39-5(2)(a)(i) (Rev. 2020)). We found that Lewis failed to meet this evidentiary burden. *Id.* at (¶¶12-13). As a result, we held that Lewis's PCR motion was time-barred and that he had failed to establish that a statutory exception applied to his claim. *Id.* at (¶14). We therefore affirmed the circuit court's order denying Lewis's 2023 PCR motion. *Id.*

¶8. On January 16, 2025, Lewis filed his current PCR motion and asserted challenges to the timeliness of his revocation hearing. The circuit court found that Lewis's PCR motion was barred as successive and that Lewis had not shown that an exception to the statutory bar applied. The circuit court entered an order denying Lewis's PCR motion. Aggrieved, Lewis appeals.

**STANDARD OF REVIEW**

¶9. "On review of a circuit court's dismissal or denial of a PCR motion, we decline to

4

reverse unless the circuit court's decision is clearly erroneous. We review questions of law de novo." *Farris v. State*, 394 So. 3d 1028, 1030 (¶4) (Miss. Ct. App. 2024) (citations and internal quotation marks omitted).

## DISCUSSION

¶10. As this Court previously noted, Lewis's 2023 PCR motion challenged only his 2004 guilty pleas and not the revocation of his post-release supervision. *Lewis*, 397 So. 3d at 540-41 (¶¶5, 9). By contrast, Lewis's present PCR motion challenged a different decision, namely the circuit court's revocation of his post-release supervision. As a result, we do not find that Lewis's current PCR motion is successive under Mississippi Code Annotated section 99-39-23(6) (Rev. 2020). In addition, we note that although the Uniform Post-Conviction Collateral Relief Act (UPCCRA) bars successive and untimely motions, the statute provides an exception for "cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked." Miss. Code Ann. §§ 99-39-5(2)(b) & 99-39-23(6) (Rev. 2020). We therefore address the merits of the claims raised in Lewis's current PCR motion.

¶11. In appealing the circuit court's order denying his PCR motion, Lewis asserts that the circuit court failed to hold his revocation hearing in a timely manner pursuant to the time periods prescribed in section 47-7-37(3). In addition, Lewis asserts that the circuit court improperly revoked his post-release supervision because more than thirty days had passed between the date of his arrest warrant and the date of his revocation hearing.

5

¶12. Relevant to Lewis's arguments, section 47-7-37(3) provides that following an offender's arrest on a warrant for the alleged violation of his probation or suspended sentence:

> the department shall hold an informal preliminary hearing within seventy-two (72) hours of the arrest to determine whether there is reasonable cause to believe the person has violated a condition of probation. . . . If reasonable cause is found, the offender may be confined no more than twenty-one (21) days from the admission to detention until a revocation hearing is held. If the revocation hearing is not held within twenty-one (21) days, the probationer shall be released from custody and returned to probation status.

Miss. Code Ann. § 47-7-37(3) (Rev. 2023). Section 47-7-37(10) further provides that "[u]nless good cause for the delay is established in the record of the proceeding, the probation revocation charge shall be dismissed if the revocation hearing is not held within thirty (30) days of the warrant being issued."

¶13. Despite Lewis's arguments regarding these statutory provisions, we conclude that the circuit court had discretion to revoke his post-release supervision. This Court has previously upheld the revocation of an offender's probation or post-release supervision more than thirty days after the issuance of the arrest warrant where the record established good cause for the delay. *See Singh v. State*, 358 So. 3d 670, 672 (¶11) (Miss. Ct. App. 2023); *Dortch v. State*, 338 So. 3d 155, 157-58 (¶¶8-9) (Miss. Ct. App. 2022); *Phillips v. State*, 236 So. 3d 840, 842 (¶¶6-7) (Miss. Ct. App. 2018).

¶14. Mississippi Code Annotated section 47-7-37.1 (Rev. 2023) states that "[n]otwithstanding any other provision of law to the contrary, if a court finds by a

preponderance of the evidence, that a probationer or a person under post-release supervision has committed a felony or absconded, the court may revoke his probation and impose any or all of the sentence." At Lewis's revocation hearing, the State submitted that Lewis had been arrested for (and later convicted of) a felony in Georgia. Lewis did not refute the State's assertion that his commission of a felony clearly violated the terms of his post-release supervision. Rather, both before the circuit court and now on appeal before this Court, Lewis readily acknowledges that he pled guilty to the commission of the felony.

¶15. The State contended at the revocation hearing that Lewis's commission of the felony provided good cause for the revocation of his post-release supervision, even after the passage of more than thirty days. In addition, the State noted that prior to the running of the twenty-one-day time period for Lewis's revocation hearing, Governor Tate Reeves had issued "an emergency declaration . . . relating to the coronavirus, which in effect shut down and locked down and disrupted the normal course of the courtrooms, the jails, the schools . . . ." Even operating under the restrictions imposed by the governor's emergency declaration, the State asserted that it had obtained for Lewis "the first available revocation date" with the circuit court. For these reasons, the State argued that good cause clearly existed for the circuit court to revoke Lewis's post-release supervision.

¶16. In *Singh*, the offender committed several violations of the terms of his post-release supervision, including his failure to report to MDOC for over six months. *Singh*, 358 So. 3d at 670-71 (¶¶1-3). Following Singh's arrest, his revocation hearing was held over thirty days

later. *Id.* at 671 (¶¶2-3). Similarly to Lewis, Singh never refuted the State's allegations that he had absconded for over six months and committed other violations of the terms of his post-release supervision. *Id.* at (¶4). Instead, Singh readily admitted the allegations against him. *Id.* Also like Lewis, Singh claimed on appeal that "the trial court violated his due process rights by failing to hold a timely revocation hearing and by imposing the full amount of his suspended sentence." *Id.* at (¶7).

¶17. In addressing Singh's claims and finding no error in the revocation of his post-release supervision, this Court stated the following:

> It is undisputed that Singh absconded and utterly failed to report pursuant to the [post-release supervision] terms or satisfy the other [post-release supervision] conditions. Indeed, he admitted so during his revocation hearing. As clearly stated under section 47-7-37.1, this gave the trial court discretion to revoke Singh's [post-release supervision] and impose "any or all" of his remaining sentence. While Singh takes issue with his revocation hearing being held more than thirty days after his detainment, the reality is that by absconding, he shed the procedural safeguards of those statutory timelines.

*Id.* at 672 (¶11) (footnote omitted).

¶18. In accordance with prior caselaw, we conclude that even though Lewis's revocation hearing occurred more than thirty days after his arrest, the record supports a finding of good cause for the delay. *See id.*; *see also Phillips*, 236 So. 3d at 842 (¶7) (holding that because the defendant's suspended sentence was revoked due to his commission of a felony in another state, section 47-7-37.1 "did not prohibit revocation no matter how much time had passed since he was arrested on the revocation warrant"). The undisputed record evidence establishes that Lewis violated the terms of his post-release supervision by committing a

felony and "shed the procedural safeguards of [the relevant] statutory timelines." *Singh*, 358 So. 3d at 672 (¶11). As a result, we find that the circuit court had "discretion to revoke [Lewis's post-release supervision] and impose 'any or all' of his remaining sentence" under section 47-7-37.1. *Id.* (quoting Miss. Code Ann. § 47-7-37.1).

## CONCLUSION

¶19. Because we find no error in the revocation of Lewis's post-release supervision, we affirm the circuit court's order denying his current PCR motion.

¶20. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND LASSITTER ST. PÉ, JJ., CONCUR.**